UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| ANDREA MARSHALL | * | CIVIL ACTION NO. 18-0650 |
| VERSUS | * | JUDGE TERRY A. DOUGHTY |
| PLANTATION MANAGEMENT COMPANY, L.L.C., ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 12], filed by defendant, Riverside Nursing Home, L.L.C. For reasons assigned below, the undersigned finds that the court does not enjoy subject matter jurisdiction to entertain the matter, and therefore, it is recommended that the matter be remanded to state court. It is further recommended that the motion to dismiss be denied, without prejudice.

### Background

On April 30, 2018, Andrea Marshall filed the instant Petition for Damages against Plantation Management Company, L.L.C., and Riverside Nursing Home, L.L.C. d/b/a Ouachita Healthcare and Rehabilitation Center in the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana. Plaintiff's petition asserted state law claims for race discrimination under the Louisiana Employment Discrimination Law, Louisiana Revised Statute § 23:303, and for unlawful reprisal under Louisiana's Whistleblower Statute, Louisiana Revised Statute § 23:967. Plaintiff seeks to recover resulting damages and injunctive relief under these Louisiana statutes, plus damages for intentional infliction of emotional distress.

On May 16, 2018, defendants removed this matter to federal court on the lone basis of federal question jurisdiction, 28 U.S.C. § 1331. (Notice of Removal). On June 26, 2018, defendant, Riverside Nursing Home, L.L.C., filed the instant Rule 12(b)(6) motion to dismiss plaintiff's race discrimination claim. [doc. # 12].

On June 29, 2018, the court reviewed the record and observed that, although plaintiff apparently filed a charge of discrimination with the Equal Employment Opportunity Commission and received a right to sue notice, it was not apparent from plaintiff's petition that she was seeking relief under Title VII or, for that matter, under any other federal law. (June 29, 2018, Order [doc. # 14]). In short, the court questioned the presence of federal subject matter jurisdiction in the case.[1] The court therefore directed the parties to address this issue via amendment and/or brief. *Id*.

On July 11, 2018, plaintiff confirmed that she was pursuing her claims solely under state law, and that she did not intend to seek relief under federal law. (Pl. Statement [doc. # 16]). In light of plaintiff's statement, defendants represented that they had no opposition to remand. (Defs. Statement [doc. # 17]). The matter is ripe.

## Discussion

---

[1] Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers it lacks subject matter jurisdiction. *Id.* Indeed, 28 U.S.C. § 1447(c) provides that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Those circumstances are present here.

I.  No Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). Thus, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes otherwise. *Id*. Federal law authorizes the removal to federal court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ." 28 U.S.C. § 1441(a). A *Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001) (citations omitted). Here, removing defendants invoked federal subject matter jurisdiction solely on the basis of federal question, which confers district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; Notice of Removal.

To support removal premised on federal question jurisdiction, a removing defendant must show that the plaintiff alleged (1) a federal claim; (2) a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field; (3) a state-law claim that necessarily raises a disputed and substantial issue of federal law that a federal court may entertain without disturbing federal/state comity principles; or (4) a claim for injunctive relief from state regulation on the basis that such regulation is preempted by a federal statute. *Marren v. Stout*, Civil Action No. 12-0631, 2013 WL 1117539 (W.D. Tex. Mar. 18, 2013) (as to bases 1-3) (citations omitted); *Gillis v. Louisiana*, 294 F.3d 755, 760 (5th Cir. 2002) (as to basis 4).

Defendants have not made the requisite showing here, and, in fact, concede remand.

II. Motion to Dismiss

Having determined that this court lacks subject matter jurisdiction to entertain this matter, the court cannot reach defendant's merits-based Rule 12(b)(6) motion. Indeed, "[w]ithout jurisdiction the court cannot proceed at all in any cause; it may not assume jurisdiction for the purpose of deciding the merits of the case." *Sinochem Intern. Co. Ltd., supra*; (citation and internal quotation marks omitted); *see also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir.2016) (in the absence of subject matter jurisdiction, the court is unable to reach a merits-based Rule 12(b)(6) motion).

## Conclusion

For the reasons explained above, the court finds that plaintiff's petition does not arise under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331. Accordingly, subject matter jurisdiction is lacking and remand is required. 28 U.S.C. § 1447(c).

IT IS RECOMMENDED that the matter be remanded to the 4th Judicial District Court for the Parish of Ouachita, State of Louisiana, whence it was removed. 28 U.S.C. § 1447(c).

IT IS FURTHER RECOMMENDED that defendant's motion to dismiss [doc. 12] be DENIED, without prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 25th day of July 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE